**E-FILED**
Wednesday, 10 August, 2011  02:51:16 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| MIKEL FREEMAN, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Case No.   11-cv-1089 |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

## O P I N I O N  &  O R D E R

Before the Court is the United States of America's Motion to Dismiss Mikel Freeman's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. (RII.6).[1] For the following reasons, Respondent's Motion is GRANTED and the Petition is DISMISSED WITH PREJUDICE.

### PROCEDURAL HISTORY

On January 28, 2009, an indictment was returned against Mikel Freeman, charging him with Conspiracy to Commit Mail Fraud and Bank Fraud, in violation of 18 U.S.C. § 371 (Count 1); Bank Fraud, in violation of 18 U.S.C. §1344 (Counts 2 - 5); Bank Fraud, in violation of 18 U.S.C. § 1344 (Counts 6 - 9); Mail Fraud, in violation of 18 U.S.C. § 1341 (Counts 10 - 14); Conspiracy to Commit Money Laundering, in violation of 18 U.S.C. § 1956 (Count 15); Money Laundering, in

---

[1] References to documents in the record of Case No. 09-cr-10006 are to "RI_"; references to documents in the record of Case No. 11-cv-1089 are to "RII_"; references to the transcript of the change of plea hearing are to "P.Tr._".

violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Counts 16 - 18); Money Laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Counts 19 - 21); and Money Laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i) (Counts 22 - 23). (RI.1)

On April 20, 2009, a change of plea hearing was held. (RI. d/e 4/20/09). A written plea agreement (the "Plea Agreement") was also filed on that date, wherein Freeman agreed to plead guilty to Counts 6 and 15 of the Indictment. He acknowledged that Count 6 carried a maximum penalty of 30 years of imprisonment, while Count 15 had a maximum term of imprisonment of 20 years, and that the prison terms could be ordered to be served consecutively. He further waived his right to appeal his conviction and/or sentence, and waived his right to collaterally attack his conviction and/or the sentence imposed. The government agreed to recommend a three point reduction in offense level based on U.S.S.G. § 3E1.1 and § 3E1.1(b)(2). The government further agreed to dismiss the remaining counts of the Indictment against Freeman. (RI.23)

This Court then conducted a plea colloquy, and found Freeman to be fully competent and capable of entering an informed plea. It also found that he was aware of the nature of the charges against him and the consequences of his plea of guilty, and that the plea of guilty was a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. (P.Tr.44)

On September 16 and 21, 2009, a sentencing hearing was held. (RI. d/e 9/16/09, 9/21/09). This Court determined Freeman's offense level to be 30, and his

Criminal History Category to be I. (RI.54). His advisory guidelines sentence was 97 to 121 months. (RI.54). He was sentenced to 120 months of imprisonment on each of the two counts, to be served concurrently, five years of supervised release, a $200.00 special assessment, and restitution in the amount of $4,839,858.08. (RI.d/e 9/21/09). This Court's written Judgment was filed on September 29, 2009. (RI.53).

Freeman, through his counsel, filed a Notice of Appeal on September 29, 2009, which was docketed by the Seventh Circuit Court of Appeals as Case No. 09-3443. (RI.61-64). After discussions with Freeman, his counsel filed a Motion for Dismissal and consent to the Dismissal of the Appeal.[1] (RII.6-1 at 1). The appeal was dismissed pursuant to F.R.A.P. 42(b) and Circuit Rule 51(f) on March 19, 2010. (RI.100).

Although Freeman waived his right to pursue collateral relief in paragraph 11 of the Plea Agreement, on March 4, 2011, he filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence, which was docketed as Case No. 11-1089. (RII.1) In that motion, Freeman alleged that his attorney was ineffective, and listed the following grounds for relief:

> 1) Counsel was ineffective by failing to note and argue *United States v. Santos,* 553 U.S. 507 (2008), in light of Freeman's money laundering conviction and sentence;
>
> 2) Counsel was ineffective in advising Freeman to enter into an agreement waiving the right to appeal;
>
> 3) Counsel was ineffective at sentencing by failing to note

---

[1] In his motion, Freeman alleges that the appeal was dismissed "outside the presence of Freeman", *i.e.,* without his knowledge or consent. (RII.1 at 17) However, this is clearly not true as Freeman executed the Motion for Dismissal and Consent. (RII.6-1 at 1).

3

and argue that an improper measure for calculating the amount of loss was applied by the court with respect to the sentence for bank fraud;

4) Counsel was ineffective in advising Freeman to waive the right to collaterally challenge the judgment without first apprising Freemen of his right to representation by conflict-free counsel.

On July 6, 2011 the government filed the instant Motion to Dismiss and Response (RII.6).

## Analysis

The government moves for dismissal on the ground that "Freeman knowingly, freely and voluntarily waived his right to attack his conviction and/or sentence, both in the written Plea Agreement and in open court at the change of plea hearing." (RII.6 at 5). The government supports this position by noting that Petitioner's Plea Agreement contained the following language:

> 10. The defendant is aware that federal law, specifically, Title 28, United States Code, Section 1291, affords a defendant a right to appeal a final decision of the district court and that federal law, specifically, Title 18, United States Code, Section 3742, affords a defendant a right to appeal the conviction and/or sentence imposed. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives the right to appeal any and all issues relating to this plea agreement and conviction and to the sentence, including any fine or restitution, within the maximum provided in the statutes of conviction, and the manner in which the sentence, including any fine or restitution, was determined, on any ground whatever, in exchange for the concessions made by the United States in this plea agreement, unless otherwise stated in this paragraph.

> 11. The defendant also understands that the defendant has a right to attack the conviction and/or sentence imposed collaterally on the grounds that it was imposed in violation of the Constitution or laws of the United

4

States; that he received ineffective assistance from his attorney; that the Court was without proper jurisdiction; or that the conviction and/or sentence was otherwise subject to collateral attack. The defendant understands such an attack is usually brought through a motion pursuant to Title 28, United States Code, Section 2255. The defendant and the defendant's attorney have reviewed Section 2255, and the defendant understands the rights under the statute. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives the right to collaterally attack the conviction and/or sentence. The defendant's attorney has fully discussed and explained the defendant's right to attack the conviction and/or sentence collaterally with the defendant. The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice the defendant's attorney may have given the defendant, in exchange for the concessions made by the United States in this plea agreement, the defendant hereby knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence. The rights waived by the defendant include the right to challenge the amount of any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255.

(RI.26,¶10-11)

The Plea Agreement also specified that there were no other agreements between Freeman and the government:

1. This document contains the complete and only plea agreement between the United States Attorney for the Central District of Illinois and the defendant. This agreement supersedes and replaces any and all prior formal and informal, written and oral, express and implied, plea agreements between the parties. No other agreement, understanding, promise or condition between the United States Attorney for the Central District of Illinois and the defendant exists, except as set forth in this plea agreement.

(RI.26,¶1)

Freeman executed the Plea Agreement, and attested that it was a voluntary agreement of his own free will.

5

29. I have read this entire Plea Agreement carefully and have discussed it fully with my attorney. I fully understand this Agreement and agree to it voluntarily and of my own free will. I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this Agreement about my criminal conduct are true. No threats, promises, or commitments have been made to me or to anyone else, and no agreements have been reached, expressed or implied, to influence me to plead guilty other than those stated in this written Plea Agreement. I am satisfied with the legal services provided by my attorney. I understand that by signing below I am stating I agree with everything stated in this paragraph, and I am accepting and entering into this Plea Agreement.

(RI.26,¶28)

The Seventh Circuit has recognized the validity of § 2255 waivers in plea agreements, noting that such a waiver is enforceable if it is "knowing and voluntary and if the defendant cannot establish a claim of ineffective assistance of counsel in connection with negotiating the agreement." *Mason v. United States*, 211 F.3d 1065, 1069 (7th Cir. 2000); *see also Jones v. United States*, 167 F.3d 1142, 1145 (7th Cir. 1999) ("waivers are enforceable as a general rule; the right to mount a collateral attack pursuant to § 2255 survives only with respect to those discrete claims which relate directly to the negotiation of the waiver."); *see also, Bridgeman v. United States,* 229 F.3d 589, 591 (7th Cir. 2000); *Roberts v. United States,* 429 F.3d 723, 724 (7th Cir. 2005) (waiver in plea agreement barred motion to vacate conviction or sentence). In those cases where a waiver exists and the petitioner has alleged ineffective assistance in connection with negotiating the plea agreement, the petitioner must establish both that "counsel's representation fell below an objective standard of reasonableness," and that "but for counsel's unprofessional errors, the

result . . . would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-90 (1984).

The Plea Agreement specified that Freeman's decision to waive his right to collaterally challenge his conviction/sentence was a decision made solely by Freemen, notwithstanding any advice from his counsel.

> The defendant specifically acknowledges that the decision to waive the right to challenge any later claim of the ineffectiveness of the defendant's counsel was made by the defendant alone notwithstanding any advice the defendant may or may not have received from the defendant's attorney regarding this right. Regardless of any advice the defendant's attorney may have given the defendant, in exchange for the concessions made by the United States in this plea agreement, the defendant hereby knowingly and voluntarily waives his right to collaterally attack the conviction and/or sentence.

(RI.26,¶11)

While the Plea Agreement indicates by its terms that Freeman voluntarily waived his right to collaterally attack his conviction/sentence, this is not the end of the Court's analysis. Rather, in assessing the voluntariness of a waiver, this Circuit has determined that great weight be given to the Rule 11 hearing. "Because a careful plea colloquy under Rule 11 ensures that the guilty plea is knowing and voluntary, determining whether the district court abused its discretion depends, in large part, on what the defendant said during the Rule 11 colloquy." *United States v. Schuh,* 289 F.3d 968, 975 (7th Cir. 2002).

The plea colloquy also "exposes the defendant's state of mind in the record through personal interrogation." *Key v. United States,* 806 F.2d 133, 136 (7th Cir. 1986), *citing United States v. Fountain,* 777 F2d 351, 356 (7th Cir. 1985). The representations made by a defendant during the plea colloquy, and any findings

7

made by the judge accepting the plea, constitute a formidable barrier in any collateral proceeding. *Key,* 806 F.2d at 135-36, *citing Thompson v. Wainwright*, 787 F.2d 1447 (11th Cir. 1986). The representations made by a defendant at a Rule 11 hearing are accorded a "presumption of verity." *United States v. Linder,* 530 F.3d 556, 561 (7th Cir. 2008); *United States v. Weathington,* 507 F.3d 1068, 1072 (7th Cir. 2007).

During the plea colloquy, Freeman was placed under oath by the Clerk and questioned about his understanding of the charge and the Plea Agreement, as well as his satisfaction with the performance of his attorney.

> COURT: Now you have had an opportunity to read the indictment containing these charges and discussing them with your attorney, have you not?
>
> FREEMAN: Yes, sir.
>
> COURT: And he has explained to you your right to a jury trial on those charges?
>
> FREEMAN: Yes, sir.
>
> COURT: And I take it he's discussed with you the pros and cons of going to trial?
>
> FREEMAN: Yes, sir.
>
> COURT: And have you decided to plead guilty to certain of these charges pursuant to a written plea agreement; is that correct?
>
> FREEMAN: Yes, sir.
>
> COURT: Are you satisfied with the advice, counsel and representation given you in this matter by your attorney?

FREEMAN: Yes, Your Honor.

COURT: Do you have any complaints about his representation that you would like to bring to my attention?

FREEMAN: No, sir.

COURT: Now is anyone forcing you to plead guilty, sir?

FREEMAN: No.

COURT: Has your attorney coerced you or pressured you to plead guilty?

FREEMAN: No, sir.

COURT: You're doing it voluntarily of your own free will?

FREEMAN: Yes.

COURT: And you are doing it pursuant to a written plea agreement which has been tendered to the Court?

FREEMAN: Yes, sir.

(P.Tr.6-7) This Court then questioned Freeman regarding his review of the Plea Agreement.

COURT: And before you signed this plea agreement, did you read through this plea agreement?

FREEMAN: Yes.

COURT: Did you first see this plea agreement today or had you seen it earlier?

FREEMAN: I had seen it earlier.

COURT: So you have had the opportunity to read it before you came to Court?

FREEMAN: Yes, I have had it for about a week.

| | |
|---|---|
| COURT: | Have you had an opportunity to discuss this plea agreement and its terms with your attorney? |
| FREEMAN: | Yes, sir. |
| COURT: | And are you satisfied that the plea agreement sets forth all of the terms and provisions that you have agreed to with the Government? |
| FREEMAN: | Yes, sir. |
| COURT: | And is there anything about the agreement that you do not understand? |
| FREEMAN: | No, sir. |
| COURT: | All right. Again, has anyone forced you to enter into this plea agreement? |
| FREEMAN: | No, sir. |
| COURT: | Except for the promises set forth in the agreement, has any other promises been made to you by the Government in order to induce you to plead guilty? |
| FREEMAN: | No, sir. |
| COURT: | Have any threats been made against you to induce you to plead guilty? |
| FREEMAN: | No, sir. |
| COURT: | So you are entering into the plea agreement and you are pleading guilty as set out in the plea agreement voluntarily and of your own free will? |
| FREEMAN: | Yes, sir. |

(P.Tr.8-96)

This Court also went into great detail regarding the nature and essential elements of the offenses charged, both relating to the bank fraud charged in Count 6

and the money laundering conspiracy charged in Count 15. (P.Tr.9-14). Freeman indicated he understood the elements and had no questions as to what those elements required. (P.Tr.14-15) This Court then informed Freeman that he faced a maximum term of imprisonment for Count 6 of 30 years, and for Count 15, a maximum term of 20 years. (P.Tr.15-16). This Court explained that the sentences for each count could be served concurrently or consecutively.

> COURT: Now, because you could be sentenced either consecutively or concurrently, and if you serve concurrently that means that the sentence on each of these counts would run at the same time, commencing, running at the same time.
>
> If they are consecutive, then your sentence on Count 15 will not commence until after your sentence on Count 6 has terminated. So since you could be sentenced consecutively, the maximum term of imprisonment you face is up to [50] years . . . Do you understand that sir?
>
> FREEMAN: Yes, sir.

(P.Tr.17)

This Court then explained the waiver provisions of Freeman's Plea Agreement, and after discussion with Freeman's counsel, summarized this Court's understanding with Freeman.

> COURT: Okay. So basically as the plea agreement reads, it suggests that the defendant has waived all of its rights pursuant to Section 2255, but your counsel has rightly, as I understand the law, pointed out to the Court that that even know it's not mentioned, you do retain the right to bring a Section 2255 solely on the grounds that your lawyer has rendered to you ineffective assistance of counsel; is that your understanding?

>    FREEMAN:  Yes, sir.
>
>    COURT:    Now I'm assuming, Mr. Freeman, that you're waiving your appeal rights in consideration of whatever benefits or concessions you see you are receiving from the Government; is that a fair statement?
>
>    FREEMAN:  Yes, sir.

(P.Tr.20)

During the detailed plea colloquy, Freeman, who was under oath, verbally affirmed that the guilty plea was voluntary and that he was not threatened or coerced in any way. He now attempts to contradict all of these points through what amounts to nothing more than self-serving allegations made in his § 2255 motion. However, this Court need not entertain such duplicity. The record in Petitioner's case clearly indicates that he knowingly and voluntarily accepted the Plea Agreement, which included a waiver of Petitioner's right to bring a § 2255 case. Furthermore, Petitioner's allegations, which seek to absolve Freeman of his obligations under the Plea Agreement, are insufficient to overcome the strong presumption of truth afforded his sworn testimony in open court. *Accord, United States v. Peterson*, 414 F.3d 825, 827 (7th Cir. 2005) ("Judges need not let litigants contradict themselves so readily; a motion that can succeed only if the defendant committed perjury at the plea proceedings may be rejected out of hand unless the defendant has a compelling explanation for the contradiction."). Consequently, this Court agrees with the government that Freeman knowingly, freely and voluntarily waived his right to attack his conviction and/or sentence. In light of this conclusion,

Petitioner is unable to establish a claim for ineffective assistance of counsel because he is unable to prove that he suffered prejudice as a result of his counsel's representation.[2] *See Strickland*, 466 U.S. at 694 (Holding that a claim for ineffective assistance of counsel must fail where there is no showing of prejudice).

### CERTIFICATE OF APPEALABILTY

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Under 28 U.S.C. § 2253(c)(1), a petitioner may only appeal from the court's judgment in his section 2255 case if he obtains a certificate of appealability. A certificate of appealability may only be issued where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A petitioner need not show that the appeal will succeed, but he must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. *Miller-El v. Cockrell*, 537 U.S. 322, 337-38 (2003) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). Further, where the district court denies a petition on procedural grounds, such as untimeliness, a

---

[2] Indeed, Petitioner admits that he can only "speculate on the result [of whether the outcome would have been different]" if his counsel had performed differently. (RII. 7 at 7). However, such speculation is insufficient to establish prejudice. *Barker v. United States*, 7 F.3d 629, 633 (7th Cir. 1993).

petitioner must make a showing that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. FED. R. APP. PROC. 22(b)(1).

Based upon the record before it, the Court cannot find reasonable jurists would debate that Petitioner's claim is barred by the waiver contained in the Plea Agreement, which Petitioner knowingly, freely and voluntarily agreed to. Nor would reasonable jurists debate that Petitioner did not receive ineffective assistance of counsel on the ground that he has failed to demonstrate that he suffered prejudice as a result of such representation. Accordingly, a certificate of appealability is DENIED.

## Conclusion

For the foregoing reasons, Respondent's Motion to Dismiss (RII.6) is GRANTED, and a certificate of appealability is DENIED. IT IS SO ORDERED.

CASE TERMINATED.

Entered this 10th day of August, 2011.

                                                  s/ Joe B. McDade
                                                  JOE BILLY McDADE
                                                United States Senior District Judge